UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | * | CIVIL ACTION  No: 2:22-cv-127 |
| OF DIAMOND B. INDUSTRIES, LLC, AS | * | SECTION "R" (4) |
| OWNER AND OPERATOR OF THE M/V | * | |
| RIVER DIAMOND FOR EXONERATION | * | DISTRICT JUDGE VANCE |
| FROM AND/OR LIMITATION OF | * | |
| LIABILITY | * | MAGISTRATE JUDGE ROBY |

**ANSWER, AFFIRMATIVE DEFENSES, AND CLAIMS OF RIDGE GUIDRY
IN RESPONSE TO PETITIONER DIAMOND B INDUSTRIES, L.L.C.'S
COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Claimant Ridge Guidry ("Claimant" or ("Claimant Guidry") files his Answer, Affirmative Defenses, and Claims in response to Petitioner Diamond B Industries, L.L.C., as the owner and operator of the M/V RIVER DIAMOND's ("Petitioner" or "Petitioner Diamond") Verified Complaint for exoneration from or limitation of liability filed on January 21, 2022. Upon information and belief, Claimant Guidry states as follows:

**ANSWER**

1.      The allegations contained in Paragraph 1 are admitted.

2.      The allegations contained in Paragraph 2 of the Complaint are denied for lack of sufficient information to justify a belief therein.

3.      The allegations contained in Paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein.

4.      The allegations contained in Paragraph 4 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from Claimant. However, if a response is deemed necessary these allegations are denied for lack of sufficient information to justify a belief therein.

5.     The allegations contained in Paragraph 4 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from Claimant. However, if a response is deemed necessary these allegations are denied for lack of sufficient information to justify a belief therein.

6.     The allegations contained in Paragraph 6 are admitted solely to the extent that Plaintiff Ridge Guidry brought suit against Diamond B Marine Services, Inc. and Rigid Constructors, LLC within the 18th Judicial District Court for the Parish of West Baton Rouge, Louisiana, in a matter entitled "Ridge Guidry v. Rigid Constructors, LLC and Diamond B Marine Services, Inc.", bearing Docket No. 1047083, in which he alleges injuries arising from an incident occurring on September 8, 2021. The remainder of Paragraph 6 is denied for lack of sufficient information to justify a belief therein.

7.     The allegations contained in Paragraph 7 of the Complaint are denied.

8.     The allegations contained in Paragraph 8 of the Complaint are denied for lack of sufficient information to justify a belief therein.

9.     The allegations contained in Paragraph 9 of the Complaint are denied for lack of sufficient information to justify a belief therein.

10.     The allegations contained in Paragraph 10 are admitted solely to the extent that Plaintiff Ridge Guidry arising from an on-the-job injury on or about September 8, 2021. The remainder of Paragraph 17 is denied for lack of sufficient information to justify a belief therein.

11.     The allegations contained in Paragraph 11 of the Complaint are denied.

12.     The allegations contained in Paragraph 12 of the Complaint are denied.

13.     The allegations contained in Paragraph 13 of the Complaint are denied.

14.     The allegations contained in Paragraph 14 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from Claimant. However, if a response is deemed necessary these allegations are denied.

15.     The allegations contained in Paragraph 15 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from Claimant. However, if a response is deemed necessary these allegations are denied.

16.     The allegations contained in Paragraph 16 of the Complaint are denied.

17.     The allegations contained in Paragraph 17 are admitted solely to the extent that Plaintiff Ridge Guidry has claims against Diamond. The remainder of Paragraph 17 is denied for lack of sufficient information to justify a belief therein.

18.     The allegations contained in Paragraph 18 of the Complaint are denied for lack of sufficient information to justify a belief therein. The sufficiency and/or adequacy of the amount of the Ad Interim stipulation of value of the vessel and freight are denied.

19.     The allegations contained in Paragraph 19 of the Complaint are denied for lack of sufficient information to justify a belief therein. The sufficiency and/or adequacy of the amount of the Ad Interim stipulation of value of the vessel and freight are denied.

20.     The allegations contained in Paragraph 20 of the Complaint are admitted insofar as the Complaint was filed within six months of the underlying incident, though the rest is denied.

21.     The allegations contained in Paragraph 21 of the Complaint are denied for lack of sufficient information to justify a belief therein.

22.     The allegations in Paragraph 22 are not statements of fact, but conclusions of law and/or prayers for relief, from which no response is necessary. However, if a response is deemed necessary, the allegations are denied.

3

23.     The allegations contained Paragraph 23 and the prayer for relief (and sub-paragraphs a-d) are not statements of fact, but conclusions of law, as to which no response is necessary from Claimant. If a response is deemed necessary, however, those allegations are denied. Claimant further specifically denies the adequacy of the valuation of the M/V RIVER DIAMOND. Petitioner's Ad Interim Stipulation does not state or identify the amount of cargo, if any, aboard the Vessel at the time of the accident, nor does it provide any value of such cargo. Additionally, Petitioner's Ad Interim Stipulation does not state the amount of insurance proceeds present and available to be accounted for. Claimant further denies the adequacy of Petitioner's Ad Interim Stipulation for an amount equal to the value of its interest in the M/V RIVER DIAMOND and their appurtenances and hereby makes demand for Petitioner to either deposit cash proceeds into the registry of the Court in the amount of the stated value of the Vessel and/or provide a bond for the value of the Vessel, issued by a reputable surety company to be approved by the Court. In so doing, Claimant specifically reserves the right to contest the stated value of the vessel and the limitation fund as aforesaid.

24.     Any allegation not expressly admitted herein is denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The allegations of the Complaint fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6).

### SECOND DEFENSE

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, this Honorable Court lacks personal jurisdiction over Claimant.

**THIRD DEFENSE**

The Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, is unconstitutional in that it deprives the Claimant of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

**FOURTH DEFENSE**

Claimant asserts the flotilla doctrine. The limitation fund is inadequate and the Complaint should be dismissed because Petitioner has failed to deposit adequate security for the Vessel and for the additional vessels within the flotilla, which were under a common operational control, supervision, and enterprise.

**FIFTH DEFENSE**

The limitation fund is inadequate and the Complaint should be dismissed because Petitioner has failed to deposit adequate security for the vessel identified in the Complaint for Exoneration From or Limitation of Liability and for the additional vessels within the flotilla which were under common operational control, supervision and enterprise. Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing. Petitioner's deposit, at the time of filing, did not meet federal standards. As such, this limitation action must be dismissed.

**SIXTH DEFENSE**

The limitation fund is inadequate and the Complaint should be dismissed because Petitioner has failed to accurately identify all of the vessels in the flotilla which should be included in the limitation fund.

### SEVENTH DEFENSE

The Limitation of Liability Act is not applicable to the instant case because at all times pertinent herein, the M/V RIVER DIAMOND and her tow and/or other vessels contained within the flotilla were operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which lead to Claimant's injuries took place with the privity and knowledge of the owners, managing owners, owners *pro hac vice*, and/or operators of the vessels involved.

### EIGHTH DEFENSE

The Limitation of Liability Act is not applicable in the instant case because at all relevant times, the M/V RIVER DIAMOND and her tow and/or the other vessels contained within the flotilla were known by the owner and/or owner *pro hac vice* to be unseaworthy.

### NINTH DEFENSE

To the extent Petitioner's insurers attempt to avail themselves of the limitation/exoneration defense, Claimant asserts that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances. In the alternative, no *prima facie* case has been made establishing Petitioner is entitled to avail themselves of the Limitation of Liability Act.

### TENTH DEFENSE

The Complaint for Exoneration From or Limitation of Liability contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Claimant seeks more definitive statements of the allegations, regardless of the nature, manner and extent of their Claim and Answer herein.

### ELEVENTH DEFENSE

The events culminating in the injuries of Claimant Ridge Guidry were the result of the negligence, fault, or want of due care on the part of Petitioner and/or those for whom Petitioner is

responsible, and/or the unseaworthiness of the M/V RIVER DIAMOND and her tow and/or other vessels within the flotilla under common operational control, supervision and enterprise, all of which was within the privity and knowledge of Petitioner, for which the Complaint for Exoneration From of Limitation of Liability should be denied.

**TWELFTH DEFENSE**

The events culminating in the injuries of Claimant Ridge Guidry were not the result of any negligence, fault, or want of due care on his part or those for whom he may be responsible.

**THIRTEENTH DEFENSE**

Claimant further alleges that there was insurance coverage on the M/V LA BELLE and her tow insuring Petitioner in the event of an occurrence such as that which is the subject of Claimant's claims, and the proceeds of said insurance policy should be included in this limitation proceeding (in the event the Court determines these limitation proceedings are appropriate).

**FOURTEENTH DEFENSE**

Claimant states that the proceeds of any judgment, award, or settlement which may be received by Petitioner from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioner, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

**FIFTEENTH DEFENSE**

In filing this Answer and Claim, Claimant specifically reserves all rights to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, the Jones Act, and all state law remedies. The filing of this Claim and Answer is in no way a waiver of this

right and defense and Claimant is not agreeing to join all issues in this proceeding by filing this Claim and Answer.

## SIXTEENTH DEFENSE

Claimant specifically reserves all rights to pursue all available claims in the forum of his choice for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, the Jones Act, and all remedies, and no part of this Claim and Answer is a waiver of this defense or these rights. Claimant will move the Court to lift the injunction and stay of proceedings in other forums. *See In re Tetra Applied Tech., L.P.*, 362 F.3d 388 (5th Cir. 2004). Further, pursuant to the holdings of *In re Liverpool, etc. Nav. Co. (Vestris)*, 57 F.2d 176, 179 (2d Cir. 1932) and *The Silver Palm*, 94 F.2d 776, 780 (9th Cir. 1937), upon Petitioner's failure to obtain relief in this limitation action (should resolution of this action precede judgment in other actions), Claimant hereby asserts and claims his right to have his claims and damages tried to a jury in the court of his choosing.

## SEVENTEENTH DEFENSE

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to the claimants. *See* 46 U.S.C. § 30501, *et seq.*; *see also* THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 2nd Ed. § 13-5 (1994). Because of the nature and circumstances of this action, a limitations proceeding is inappropriate and unjustified.

**EIGHTEENTH DEFENSE**

Claimant reserves the right to contest the appraisal value of the M/V RIVER DIAMOND and/or for any additional vessels in the flotilla, their engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

**NINETEENTH DEFENSE**

Petitioner's Complaint is untimely and should be dismissed because it was not filed within six months of receipt of adequate written notice that the Claimant's claims against Petitioner were sufficient to trigger the six-month period in which Limitation must be filed.

**TWENTIETH DEFENSE**

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by the Petitioner.

**TWENTY-FIRST DEFENSE**

Petitioner is not a "vessel owner" entitled to seek exoneration from or limitation of liability under 46 U.S.C. § 30501, *et seq*.

**TWENTY-SECOND DEFENSE**

Claimant reserves the right to move for bifurcation of this action so the only issues of fact decided by this Court are whether Petitioner was negligent, whether the vessel was unseaworthy, and whether such negligence/unseaworthiness were within the privity and/or knowledge of Petitioner. All other fact issues shall be decided in a court and/or forum of Claimant's choosing as is Claimant's rights under the Saving to Suitors clause and the Jones Act.

**TWENTY-THIRD DEFENSE**

Petitioner's Complaint does not affect Claimant's right to maintenance and cure. Thus, Petitioner's liability to Claimant, if any, for their intentional, willful, arbitrary, and capricious refusal to provide Claimant's maintenance and cure is not limited to the value of any of its vessels.

**AND NOW,** specifically reserving all defenses asserted herein, including, without limitation, Claimant's right to pursue their claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333, and all state law remedies, Claimant files his Claim in the Complaint for exoneration from or limitation of liability of, and states that:

## CLAIM

1.      Claimant Ridge Guidry re-urges each and every defense and objection set forth above as if the same were stated herein verbatim. Moreover, Claimant suffered severe injuries as a result of the incident aboard the M/V RIVER DIAMOND and/or their tow. At the time, Claimant was acted as a Jones Act seaman and a crewmember of the M/V RIVER DIAMOND.

A.      **Facts Specific to the Incident**

2.      This lawsuit is necessary because of personal injuries that Claimant sustained on or about September 8, 2021. At that time, Claimant was employed by Rigid Constructors, LLC ("Rigid") and was working on Rigid's barge as a deckhand. Claimant's work was done on navigable waterways exclusively on vessels owned and operated by Rigid.

3.      Upon information and belief, Petitioner DIAMOND was contracted by Rigid to perform tasks including, but not limited to, moving barges.

4.      When the incident occurred, Rigid's vessel was on navigable waters in West Baton Rouge Parish. Claimant, as a member of its vessel's crew, was contributing to and aiding the vessel

to accomplish its mission. While working aboard the vessel, Claimant sustained serious injuries which he reported to Rigid on or about the date of this incident.

5.      Specifically, Claimant was working on Rigid's vessel when a heavy steel shaft known as a "spud" cracked and fell over. At the time of this incident, Petitioner DIAMOND was attempting to move the barge with a DIAMOND tug. The spud can be seen below:



6.      The spud struck Claimant and caused him to sustain severe injuries to his head, back, teeth, and other parts of his body.

7.      Claimant reported his injuries to Rigid and DIAMOND on or about the date of this incident.

**B.      Jones Act and General Maritime Claims**

8.      Claimant repeats, re-alleges, and incorporates the paragraphs above, as if stated herein and further alleges:

9.      The proximate, contributing, and legal causes of Claimant's injuries include the Jones Act claims, negligence, and general maritime negligence of Petitioners, his employer(s), and the unseaworthiness of the vessel in question. Claimant is not at fault.

10.      Petitioners' actions were negligent and grossly negligent under the Jones Act, general maritime law, and Petitioners' vessel(s) was unseaworthy, causing injury and damages to the body and mind of Claimant, for the following non-exclusive reasons:

    a.   Failure to properly maintain, inspect, and/or repair the vessel and/or its equipment—specifically including, but not limited to, the spud in question;

    b.   Failure to properly secure the spud;

    c.   Failing to respond to or heed complaints of unnecessary and dangerous hazards;

    d.   Failure to warn Claimant of hidden dangers;

    e.   Failing to maintain safe mechanisms for work on the vessel;

    f.   Failing to properly navigate Petitioner's vessel;

    g.   Failure to provide adequate training;

    h.   Unsafe vessel design and configuration the vessel;

    i.   Unsafe and/or lack of safe policies, procedures, and training;

    j.   Unsafe and inadequate supervision of the crew;

    k.   Failure to provide adequate safety equipment;

    l.   Failure to provide a safe work environment;

    m.   Instructing crewmembers to perform work in an unsafe manner;

    n.   Vicariously liable for their employees' and/or agents' negligence;

    o.   Violating applicable Coast Guard, OSHA, BSEE rules, and/or other applicable rules and regulations; and

p.   Other acts deemed negligent and/or grossly negligent.

11.    Petitioners owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were the proximate, contributing, and legal cause of Claimant's injuries. As a result of Petitioners' negligence, Claimant suffered severe physical injury. Claimant is entitled to recover for his injuries. Additionally, Petitioners' actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Claimant is entitled to exemplary damages.

12.    Petitioners are liable unto Claimant for appropriate timely maintenance and cure for this on-the-job injury to its employee/seaman/Claimant, as well as punitive and exemplary damages, compensatory damages, and full and appropriate attorney fees for any dilatory, willful and malicious, and/or callous failure to pay for full amounts of healthcare of Claimant (cure), and full amounts of maintenance to Claimant.

13.    Petitioners are also liable to pay damages to Claimant for past and future lost wages and other economic losses, pain, suffering, mental anguish, disfigurement, disability, loss of enjoyment of life, medical- and health-related costs, judicial interest, and costs, all to be paid in an amount reasonable in the premises.

14.    Specifically, as a direct and proximate result of Petitioners' conduct, Claimant suffered severe and permanent injuries, including but not limited to, physical pain, mental anguish, and other harm, which have caused and will cause Claimant residual disability, past and future disfigurement, past and future pain and suffering, past and future mental anguish and distress, past and future loss of enjoyment of life, past and future medical expenses, past lost earnings, future loss of earning capacity, and past and future physical impairment. Claimant has been damaged in

a sum far more than the minimum jurisdictional limits of this Honorable Court, for which he now sues.

15.     Claimant prays that after due proceedings are had that:

a.     The Complaint seeking Exoneration From or Limitation of Liability be dismissed and the injunction or restraining order granted in this matter be dissolved;

b.     Alternatively, Petitioner be required to deposit additional security in the minimum amount required by law for the full value of all vessels in the flotilla which were under common operational control and supervision and engaged in a common enterprise and that said security be by way of a cash deposit into the registry of the Court or a bond issued by a surety approved by the Court and be based upon an appraisal issued by a commissioner appointed by the Court; in default of which the Complaint seeking Exoneration From or Limitation of Liability be dismissed; and pending such deposit any injunction and/or restraining order be dissolved;

c.     There be judgment rendered herein in favor of Claimant Ridge Guidry and against Petitioner, both jointly and severally, for all damages as are reasonable in the premises, together with the maximum legal interest thereon from the date of the incident until paid and for all costs of this proceeding;

d.     Claimant Ridge Guidry be allowed to proceed and prosecute his Claim without pre-payment of costs; and,

e.     For all such other and further relief to which Claimant Ridge Guidry may be entitled under law and in equity.

16.     Claimant, Ridge Guidry, demands a trial by jury. *See Luera v. M/V Alberta*, 635 F.3d 181 (5th Cir. 2011).

Dated: January 28, 2022.

Respectfully submitted,

ARNOLD & ITKIN LLP

*/s/ Joseph McGowin*
Joseph McGowin, Roll #39664
jmcgowin@arnolditkin.com
Roland Christensen, Roll #37440
rchristensen@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Tel: 713.222.3800
Fax: 713.222.3850
**e-service@arnolditkin.com**

**COUNSEL FOR CLAIMANT RIDGE GUIDRY**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF on January 28, 2022 which will provide a copy of the foregoing document to all counsel of record by CM/ECF and/or another means in accordance with the Federal Rules of Procedure.

*/s/ Joseph McGowin*