UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF DIAMOND B. INDUSTRIES, LLC, AS OWNER AND OPERATOR OF THE M/V RIVER DIAMOND FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 22-127<br><br>SECTION "R" (4) |

## ORDER AND REASONS

Before the court is claimant Ridge Guidry's motion to bifurcate the limitation proceedings.[1] Diamond B. Industries, LLC ("Diamond") and Rigid Constructors, LLC ("Rigid") oppose the motion.[2] The Court grants the motion pursuant to Rule 42(b) of the Federal Rules of Civil Procedure.

### I.   BACKGROUND

This case arises from an incident on the Mississippi River.[3] On September 8, 2021, the tugboat M/V RIVER DIAMOND, owned by Diamond, attempted to move the TIDEMAR, a work barge owned by Rigid.[4] Guidry, who was employed by Rigid as a deckhand on the TIDEMAR, alleges

---

[1]   R. Doc. 8.
[2]   R. Docs. 16 & 17.
[3]   *See generally* R. Doc. 1-1 (Complaint).
[4]   *See id.* at 3 (Complaint ¶ 8).

that he was injured while the TIDEMAR was in the tow of the M/V RIVER DIAMOND.[5] Guidry alleges that a steel shaft, or "spud," cracked and injured him while the M/V RIVER DIAMOND was attempting to move the TIDEMAR.[6]

Following the incident, Guidry filed a personal injury action in state court against Rigid and Diamond B Marine Services, Inc. (presumably a mistake, as Diamond B. Industries, LLC is the owner of the M/V RIVER DIAMOND).[7] In response, Diamond and Rigid each filed actions for limitation of liability,[8] which were later consolidated before this Court.[9] The Court entered a restraining order in each action, enjoining proceedings outside this one.[10] Guidry responded to both complaints for limitation in a timely manner and re-asserted his claims.

Now Guidry, the sole personal injury claimant, seeks to bifurcate the limitation proceedings.[11] Diamond and Rigid oppose the motion.[12]

## II. LEGAL STANDARD

---

[5] R. Doc. 4 at 11 (Ridge Guidry's Claim ¶ 5).
[6] *Id.* at 11 (Ridge Guidry's Claim ¶ 5-6).
[7] *See id.* at 4 ¶ 15.
[8] *See* R. Doc. 1 (Case No. 22-127); R. Doc. 1 (Case No. 22-574).
[9] *See* R. Doc. 31.
[10] *See* R. Doc. 3 (Case No. 22-127); R. Doc. 4 (Case No. 22-574).
[11] R. Doc. 8.
[12] R. Docs. 16 & 17.

2

Under Federal Rule of Civil Procedure 42(b), a district court "may order a separate trial" of any issue or claim "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed R. Civ. P. 42(b); *see also Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994); *Guedry v. Marino*, 164 F.R.D. 181, 186 (E.D. La. 1995). The rule leaves the decision to order the separation of a particular issue in the sound discretion of the Court. *See Conkling*, 18 F.3d at 1293*; O'Malley v. U.S. Fidelity & Guar. Co.*, 776 F.2d 494, 500 (5th Cir. 1985); *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 114 (E.D. La. 1992) ("[C]ourts have repeatedly emphasized that whether to bifurcate a trial . . . is always a question committed to the sound discretion of the trial court, and the court is expected to exercise its discretion on a case-by-case basis."). Bifurcation is appropriate when the separation of issues will "achieve the purposes" of Rule 42(b). *See* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2388 (3d ed. Aug. 2019 update).

That said, "separate trials should be the exception, not the rule." *Laitram*, 791 F. Supp. at 114; *see also McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993) ("Separation of issues, however, is not the usual course that should be followed."). Indeed, "the Fifth Circuit has . . . cautioned district courts to bear in mind before ordering separate trials in the same

3

case that the 'issue to be tried [separately] must be so distinct and separable from the others that a trial of it alone may be had without injustice.'" *Laitram*, 791 F. Supp. at 115 (alteration in original) (quoting *Swofford v. B & W, Inc.*, 336 F.2d 406, 415 (5th Cir. 1964)). In sum, courts must consider the justifications for bifurcation in relation to the facts of the individual case, giving particular consideration to the avoidance of prejudice, in order to determine if a separate trial is appropriate. *See Laitram*, 791 F. Supp. at 114-15 (noting that when determining whether to bifurcate, a court "must balance the equities" and "exercise its discretion on a case-by-case basis").

### III. DISCUSSION

The Court finds that bifurcating the trial achieves the purposes of Rule 42(b). Bifurcation can economize and expedite the proceedings. The limitation proceedings require the Court to determine first, whether shipowner liability exists, and second, whether the shipowner had privity or knowledge of relevant acts of negligence or unseaworthiness. *See Cupit v. McClanahan Contractors, Inc.*, 1 F.3d 346, 348 (5th Cir. 1993); *see also* 46 U.S.C. § 30505 (permitting vessel owners without "privity or knowledge" to limit liability to "the value of the vessel and pending freight"). These questions require the Court to engage in a more limited inquiry than it would

4

in a trial that also included quantification of Guidry's personal injury damages.  Further, as liability issues overlap in the two limitation proceedings, the Court can coordinate discovery on liability, as well privity and knowledge issues, to promote an expedited pretrial schedule and trial. Guidry's damages, on the other hand, will involve separate questions, such as Guidry's medical condition and the scope of his damages.  Resolving the limitation issues first will enable the Court to decide the core issues driving the litigation expeditiously. And, once the Court resolves these issues, the need for a trial on damages may be eliminated or reduced.

Perhaps more importantly, bifurcation is warranted to avoid prejudice by preserving Guidry's right to seek a jury trial on damages if limitation is denied. *See Pershing Auto Rentals, Inc. v. Gaffney*, 279 F.2d 546, 552 (5th Cir. 1960) (noting claimants' "apprehension that . . . [they] will be irrevocably denied their right to jury trials," but stating that "the admiralty court in its decree denying the right to limitation can make certain that [claimants] are free to pursue the petitioner in any other forum having requisite jurisdiction"). Indeed, the Fifth Circuit has recognized the "'recurring and inherent conflict' between the exclusive jurisdiction vested in admiralty courts by the Limitation of Liability Act and the common law remedies embodied in the saving to suitors clause of 28 U.S.C. § 1333." *Texaco, Inc. v.*

*Williams*, 47 F.3d 765, 767 (5th Cir. 1995) (citations omitted) (quoting *In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 754 (2d Cir. 1988)). Bifurcation is an effective tool "to help ease the conflict" and accommodate "the presumption in favor of jury trials . . . embodied in the 'savings to suitors' clause." *In re Suard Barge Serv., Inc.*, No. 96-3185, 1997 WL 358128, at *2 (E.D. La. June 26, 1997) (quoting *In re Bergeron Marine Serv., Inc.*, No. 93-1845, 1994 WL 236374, at *1 (E.D. La. May 24, 1994)).

The decisions of other Courts support this Court's approach. As one court observed, "numerous courts within the Fifth Circuit have deemed it appropriate to defer ruling on issues ancillary to the limitation proceeding until after limitation was decided." *In re Miss. Limestone Corp.*, No. 4:09-CV-00036-SA-DAS, 2010 WL 4174631, at *3 (N.D. Miss. Oct. 7, 2010); *see, e.g.*, *In re Torch, Inc.*, No. 94-2300, 1996 WL 512303, at *1 (E.D. La. Sept. 6, 1996) (stating that "[t]he case was bifurcated for trial and the only issues tried to the Court were whether the plaintiffs in limitation are entitled to exoneration and, if not, whether they are entitled to limitation"), *aff'd sub nom.*, *Torch, Inc. v. Alesich*, 148 F.3d 424 (5th Cir. 1998); *Miss. Limestone Corp.*, 09-36, 2010 WL 4174631, at *3 (noting that bifurcation "appears [to be] the preferred approach, at least within federal district courts of the Fifth

6

Circuit." (quoting *In re Athena Constr., LLC*, No. 06-2004, 06-2336, 2007 WL 1668753, at *6 (W.D. La. June 6, 2007))).

Diamond and Rigid object to bifurcation because Guidry's Jones Act seaman status is disputed. But defendants have not cited any authorities stating that Jones Act seaman status must be determined or admitted before bifurcation is appropriate. Nor have defendants made any argument as to why this is in issue.

Diamond and Rigid also point to the lack of stipulations by Guidry as a reason to avoid bifurcation. In *Odeco Oil & Gas Co., Drilling Division v. Bonnette*, 74 F.3d 671 (5th Cir. 1996), the Fifth Circuit said:

> [F]ederal courts have developed two instances in which a district court must allow a state court action to proceed: (1) when the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight, and (2) when all claimants stipulate that the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court.

*Id.* at 674 (emphasis omitted). The opponents argue that bifurcation is not appropriate, as Guidry has not provided the type of stipulations required by *Odeco*. Guidry does not seek to proceed in state court simultaneously with the limitation proceeding. Nor does he threaten the Court's exclusive

jurisdiction over limitation issues.[13]  Here, the shipowners' rights to limitation will be decided first while Guidry's state court case is stayed.  He will not be able to seek to enforce a damage award in excess of the limitation fund before limitation rights are adjudicated.  Thus, the Court can protect the vessel owners' limitation rights by trying limitation first and freeing Guidry to seek damages in state court only if limitation is denied.

Rigid also relies on a recent decision by another section of this Court, *In the Matter of River Construction, Inc.*, No. 19-12966, ECF No. 139 (E.D. La. July 13, 2020).  But that case is distinguishable, as claimants in that matter were merely asking for their claims to be tried to a jury—unlike here, where Guidry requests bifurcation so that he could pursue his personal injury claims in state court if limitation is denied.  Indeed, the court in *River Construction* even noted that "once limitation is denied it is up to the claimants rather than the court whether the proceedings will continue in place or whether the injunction will be dissolved to permit the resumption of other actions."  *Id.* at *18 n.45 (quoting *In re Mississippi Limestone Corp.*, No. 09-36, 2010 WL 4174631, at *3 (N.D. Miss. Oct. 7, 2010)).  The other

---

[13]  *See, e.g.*, R. Doc. 8-1 at 2 (Guidry's memorandum in support of bifurcation asking "the Court to protect [Guidry's saving-to-suitors] rights and bifurcate this case so that, *if Diamond's attempt to limit its liability is denied*, Mr. Guidry may try his damages to a state court jury") (emphasis added).

8

cases Diamond and Rigid point to do not convince the Court that bifurcation is inappropriate here. In this case, the sole personal injury claim is sufficiently distinct from the other aspects of the limitation proceeding such that bifurcation is proper.

In summary, the Court will try liability, limitation, and apportionment of fault in the same proceeding. As the major actors will be before the Court in the limitation trial, and the Court will receive evidence permitting it to rule on apportionment issues at the same time it rules on liability and limitation, combining the apportionment determination is consistent with Rule 42. *See Archer Daniels Midland Co. v. M/T AMERICAN LIBERTY*, No. 19-10525, 2020 WL 1889123, at *3-4 (E.D. La. Apr. 16, 2020).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to bifurcate. The Court will try the issues of liability, limitation, and apportionment of fault in a bench trial. Guidry's personal injury damages will be tried separately.

New Orleans, Louisiana, this __30th__ day of September, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE