UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF DIAMOND B. INDUSTRIES, LLC, AS OWNER AND OPERATOR OF THE M/V RIVER DIAMOND FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 22-127<br><br>SECTION "R" (4) |

## ORDER AND REASONS

Before the court is claimant Ridge Guidry's motion to temporarily lift the Court's stay of Guidry's state-court actions related to this matter.[1] Diamond B. Industries, LLC ("Diamond") and Rigid Constructors, LLC ("Rigid") oppose the motion.[2] For the reasons below, the Court denies Guidry's motion.

### I. BACKGROUND

This case arises from an incident on the Mississippi River.[3] On September 8, 2021, the tugboat M/V RIVER DIAMOND, owned by Diamond, attempted to move the TIDEMAR, a barge owned by Rigid.[4]

---

[1] R. Doc. 30.
[2] R. Doc. 34.
[3] *See generally* R. Doc. 1-1 (Complaint).
[4] *See id.* at 3 (Complaint ¶ 8).

Guidry, who was employed by Rigid as a deckhand on the TIDEMAR, alleges that he was injured while the TIDEMAR was in the tow of the M/V RIVER DIAMOND.[5] Guidry alleges that a steel shaft, or "spud," cracked, fell over on Guidry, and injured him while the M/V RIVER DIAMOND was attempting to move the TIDEMAR.[6]

Following the incident, Guidry filed a personal injury action in state court against Rigid and Diamond B Marine Services, Inc. (presumably a mistake, as Diamond B. Industries, LLC is the owner of the M/V RIVER DIAMOND).[7] Guidry also filed a separate action, in a different parish, against CBF Welding, Inc. ("CBF"), a firm that had performed repair work on the same spud that injured Guidry. In response, Diamond and Rigid each filed actions for limitation of liability,[8] which were later consolidated before this Court.[9] The Court entered a restraining order in each action, enjoining proceedings outside this one.[10] Guidry responded to both complaints for limitation in a timely manner and re-asserted his claims.

---

[5]   R. Doc. 4 at 11 (Ridge Guidry's Claim ¶ 5).
[6]   *Id.* at 11 (Ridge Guidry's Claim ¶ 5-6).
[7]   *See id.* at 4 ¶ 15.
[8]   *See* R. Doc. 1 (Case No. 22-127); R. Doc. 1 (Case No. 22-574).
[9]   *See* R. Doc. 31.
[10]  *See* R. Doc. 3 (Case No. 22-127); R. Doc. 4 (Case No. 22-574).

Now Guidry seeks to lift the Court's stay of his state court cases for the sole purpose of consolidating the two matters and ensuring that they are litigated in the proper venue.[11] Diamond and Rigid oppose the motion.[12]

## II. DISCUSSION

Courts have consistently recognized the "recurring and inherent conflict" between the exclusive jurisdiction vested in federal admiralty courts by the Limitation of Liability Act, 46 U.S.C. § 30503, and the common law remedies embodied in the "saving to suitors" clause of 28 U.S.C. § 1333. *Texaco, Inc. v. Williams*, 47 F.3d 765, 767 (5th Cir. 1995). The Limitation Act gives shipowners the right to act in federal court to limit their liability to the value of the vessel and her pending freight. *Id.* "When a shipowner files a federal limitation action, the limitation court stays all related claims against the shipowner pending in any forum, and requires all claimants to timely assert their claims in the limitation court." *Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992) (quoting *Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 755 (2d Cir. 1988)). But if the case involves multiple

---

[11] R. Doc. 8.
[12] R. Docs. 16 & 17.

3

claimants and the total claims exceed the limitations fund, federal courts have recognized that the claimants may simultaneously pursue their state law claims, provided that they enter into certain stipulations to protect the shipowner's Limitation Act rights. *Id.* at 767–69. Specifically, in *Odeco Oil & Gas Co., Drilling Division v. Bonnette*, 74 F.3d 671 (5th Cir. 1996), the Fifth Circuit explained:

> [F]ederal courts have developed two instances in which a district court must allow a state court action to proceed: (1) when the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight, and (2) when all claimants stipulate that the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court.

*Id.* at 674 (emphasis omitted). All claimants must sign the stipulations to lift the stay. *Id.* at 675; *In re Tidewater*, 938 F. Supp. 375, 378 (E.D. La. 1996). This includes parties seeking indemnity and contribution from a shipowner. *Odeco*, 74 F.3d at 675.

Here, Guidry seeks to lift the Court's stay so that he "may properly coordinate the underlying state court actions into the proper venue."[13] Specifically, Guidry represents that he originally filed suit against Rigid and Diamond in in West Baton Rouge Parish, but he subsequently became

---

[13]   R. Doc. 30-1 at 1.

4

aware—due to Diamond and Rigid's assertions of improper venue—that venue is instead proper in Iberville Parish. He later filed suit against CBF in Iberville Parish and now asks the Court to lift the applicable stay so that he may consolidate the proceedings in the state court for Iberville Parish.

The Court denies Guidry's motion. In deciding whether to allow a claimant to proceed in state court, the Court's "primary concern is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum." *In re Complaint of Port Arthur Towing Co.*, 42 F.3d 312, 316 (5th Cir. 1995) (quoting *Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992)). Thus, the *Odeco* court explained that allowing a "state court action to proceed is contingent on protecting the 'absolute' right of the shipowner to limit his or her liability." *Odeco*, 74 F.3d at 674 (quoting *In re Complaint of Port Arthur Towing Co.*, 42 F.3d at 316). Here, it is not contested that Guidry's claims exceed the declared values of the relevant vessels and their freights. Additionally, he does not provide the stipulations described in *Odeco*. Without such stipulations, the Court will not lift the stay to permit Guidry to take action in state court. Accordingly, Guidry's motion is denied.

### III.   CONCLUSION

For the foregoing reasons, the Court DENIES Guidry's motion.

New Orleans, Louisiana, this __24th__ day of January, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE